**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

HARKAMAL SINGH,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )          Case No. CIV-26-1194-J
                                         )
ROBERT CERNA, et al.,                    )
                                         )
            Respondents.                 )

## ORDER

Petitioner Harkamal Singh, an Indian citizen, is currently in the custody of Immigration and Customs Enforcement (ICE).    He entered the United States in 2016, and an immigration judge released him on bond a few months later.  He was re-detained in May 2026 and has filed a Petition for Writ of Habeas Corpus challenging the re-detention. [Doc. No. 1].  The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C).   Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to immediate release Petitioner.   (Rep. & Rec.) [Doc. No. 15].  Respondents objected [Doc. No. 16] but did not address the crux of Judge Stephens' findings and have waived de novo review.   *See Singh v. De Anda-Ybarra*, No. CIV-26-218-J, 2026 WL 973285, at *1 (W.D. Okla. Apr. 10, 2026) ("An objection that . . . expresses general disagreement with the recommendation[] is insufficient to require de novo review." (citation omitted)).

In sum, Judge Stephens concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a).  *See* Rep. & Rec. at 5-6.  However, because officials had previously released Petitioner on bond, 8 U.S.C. § 1226(b) also applies.  *See id.* at 7-8.  Section 1226(b) prevents officials from interfering with a previous bond determination "absent a change in

circumstances." *Id.* at 8 (citation omitted).  Respondents failed to provide any evidence that such a determination had been made before Petitioner's re-detention, and their objection is silent as to § 1226(b)'s application.  Accordingly, the Report and Recommendation is ADOPTED to the extent it finds that Petitioner's re-detention violated the Immigration and Nationality Act (INA)[1] and Petitioner's Petition is GRANTED IN PART to the extent it relies on a violation of the INA.  Respondents are ORDERED to immediately release Petitioner subject to an appropriate order of supervision.  Respondents shall certify compliance within three business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 14th day of August, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] In light of its ruling, the Court declines to address Petitioner's remaining arguments.